Curtis H. SPRINGER, Appellant,

v.

Lolly BEST et al., Appellees.

No. 15897.

United States Court of Appeals
Ninth Circuit.

April 10, 1958.

Curtis H. Springer, in pro. per.

Paul Hill and Max L. Herzig, Hollywood, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges

PER CURIAM.

There is on file here a paper designated as "Motion of Cross-Appeal in Forma Pauperis." It is signed by Max Herzig and Paul Hill, attorneys for appellees. The substance is that certain plaintiffs below are indigent and that a judgment in their favor has been appealed by Springer, the defendant, and that the District Court allowed them to proceed in forma pauperis. Therefore, based upon a recital of evidence allegedly in the reporter's transcript, which neither side has brought before us, they pray to be allowed to cross-appeal in forma pauperis.

The judgment was entered September 9, 1957, and the time for cross-appeal has long since expired. The motion is dismissed and, since extraneous matter is therein contained, is stricken from the file.

There is a second motion by appellees, asking that this Court correct and revise the record judgment and orders to conform to the pleadings and proof and allow the pleadings to be amended to conform to the proof, to order the reporter's transcript of the trial to be filed, to order a finding that the "court below" give instructions to the jury to that effect and for abatement. Although this remarkable document is signed by purported lawyers, the relief asked is beyond our jurisdiction. The motion is denied, and, since it contains recitals of what is alleged to be in the record which has not been before us, the motion is stricken from the files.

Appellees move for the inclusion of the reporter's transcript in the record on appeal. This motion is denied. Appellees have the right under the Rules to make a counter-designation of the reporter's transcript for inclusion in the record in this Court. This motion and the memorandum of points and authorities contain reference to impertinent and scandalous matters not before us. Both these documents are stricken from the files. The affidavits of Paul Hill and Mrs. J. Bruce Adamson are stricken as impertinent.

Appellees move to dismiss the appeal pursuant to Rule 75(b), Fed.Rules Civ. Proc. 28 U.S.C.A. No ground for the dismissal is found except that appellant Springer has not filed a cost bond and has not filed a concise statement of points upon which he intends to rely. Unless bond, as required by Rule 73(c), F.R.Civ. Proc., and a statement of points, as described in Rule 17, subd. 6, United States Court of Appeals, 9 Cir., 28 U.S.C.A., are presented to the Clerk of this Court within ten days, the appeal will be dismissed.

Appellant Springer has also forwarded to the Clerk the affidavits of Ida Erickson Green and Anne Keidel, which are impertinent, and a photostatted document which does not appear in any record before us. All these documents are stricken from the files. Appellant has also written letters to Paul P. O'Brien, Clerk of this Court, dated March 10, 1958, and March 23, 1958. Each of these letters contains suggestions as to the merits, which are entirely improper. Each is stricken from the files.

It is not the function of this Court to supervise laymen in the practice of law. If the appeal come before this Court in its present posture, there will be only two questions properly before us: (1) Does each complaint involved state a claim upon which relief can be granted? and (2) Are the instructions of the court fair to appellant on their face and without reference to the record?

If any brief or other paper on either side contain any suggestion as to what the exhibits or reporter's transcript contain or have any charges such as characterize the documents which are above stricken, such brief or briefs will be stricken.